**In re A.H. ROBINS COMPANY, INC., Debtor, Employer Tax Identification No. 54–0486348.**

**DALKON SHIELD CLAIMANTS TRUST, Movant,**

v.

**Irene GERMANY, Respondent.**

**No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

April 4, 1996.

Irene Germany, Maywood, Illinois, pro se.

Orran Lee Brown, Richmond, Virginia, for Dalkon Shield Claimants Trust.

### MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court upon the Motion by the Dalkon Shield Claimants

Trust to Enforce Compromise of Irene Germany's Dalkon Shield Claim, filed with this Court on November 19, 1995. The Certificate of Service to the Motion recites that it was served upon Germany's counsel by mail on that date. Under Federal Bankruptcy Rule 9006(b), service was deemed complete upon mailing. Pursuant to Local Bankruptcy Rule 109(H)(3) and Bankruptcy Rule 9006(c), Germany's response to the Motion was due no later than December 12, 1995.

Germany has never responded to the Motion. In a letter dated December 7, 1995, she asked the Court for an extension of time through February 1, 1996, to reply to the Motion, stating that she was obtaining a new attorney and would need additional time because of the upcoming holiday season. By Order of December 26, 1995 (Docket No. 28912), the Court granted Germany's request and allowed her until January 19, 1996, to respond to the Motion.

Germany filed no response by this January 19, 1996 deadline. Instead, by letter dated January 30, 1996, to the Court, she stated that she had retained counsel who would need until February 16, 1996, to present her response to the Court. By Order entered February 7, 1996 (Docket No. 29003), the Court granted Germany a second extension, allowing her until February 16, 1996, to respond to the Motion.

Germany missed that third deadline as well. Neither she nor any counsel representing her has filed any pleadings in response to the Motion. Under Local Bankruptcy Rule 109(H)(4), where no response is filed to a motion, the Court may deem the opposition waived, treat the motion as conceded and enter an appropriate order granting the requested relief. Accordingly, pursuant to this Local Rule, the Court takes as admitted the facts set out by the Trust in the Statement of the Case section of its Memorandum in Support of its Motion to Enforce Compromise and in the Affidavit of Melody G. Foster filed as Exhibit A to the Trust's Motion, and treats the Trust's Motion to Enforce Compromise as conceded. For these reasons, the Trust's Motion shall be granted.

An appropriate Order will issue.

## ORDER GRANTING MOTION TO ENFORCE COMPROMISE OF IRENE GERMANY'S DALKON SHIELD CLAIM

For the reasons set forth in the Memorandum of the Court this day filed, and deeming it just and proper so to do, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. The Motion by the Dalkon Shield Claimants Trust to Enforce Compromise of Irene Germany's Dalkon Shield Claim be and the same is hereby GRANTED.

2. The Trust is ordered to send to Germany, within ten days of the date of entry of this Order, a Release with Dividend duplicating that sent to her counsel by letter of October 6, 1995 (a copy of this letter is Exhibit B to the Trust's Motion to Enforce Compromise). Germany is ordered to sign that Release with Dividend and return it to the Trust within ten days of her receipt of it. Should Germany fail to do so within thirty days after the date of entry of this Order, such Release with Dividend on her Dalkon Shield Claim shall be deemed effective and binding on Germany as of the thirtieth day following the entry of this Order and the Trust is directed to process it for payment accordingly.

3. The Trust is ordered to send to Germany, within ten days of the date of entry of this Order, a Stipulation of Dismissal relating to her appeal before the Court of Appeals for the Fourth Circuit, duplicating that sent to her by Trust counsel with the letter of October 6, 1995. Germany is ordered to sign that Stipulation of Dismissal and return it to the Trust within ten days of her receipt of it. Should she fail to do so within thirty days after the date of entry of this Order, the Trust is directed to move the Court of Appeals to dismiss Germany's pending appeal as moot, because of this Order.

4. This is a final, appealable Order on the Trust's Motion to Enforce Compromise. Germany is notified that she has a right to appeal from this Order to the United States Court of Appeals for the Fourth Circuit. In order to appeal, she must, within thirty days of the date of this Order, file a notice of

appeal together with a filing fee of US$105.00 with the Bankruptcy Clerk, 1100 East Main Street, Suite 310, Richmond, Virginia 23219. The time periods and procedures for noting appeals are defined in Rules 3 and 4 of the Federal Rules of Appellate Procedure. The thirty-day period for filing a notice of appeal is jurisdictional. It cannot be extended unless Germany, within thirty days after the expiration of the initial thirty-day period, files a notice of appeal and files a motion with the Bankruptcy Clerk at the same address asking for an extension of time to file an appeal and showing excusable neglect for failure to file a timely notice of appeal, as required by Fed.R.App.P. 4(a)(5). Failure to file a timely notice of appeal or a timely motion for extension of time to file an appeal will result in losing the right of appeal. A party who is unable to pay the filing fee may request to proceed *in forma pauperis,* that is, without full payment of fees. Such request must be accompanied by a completed and executed affidavit reflecting the party's financial condition. Germany may obtain the appropriate form from the Bankruptcy Clerk to request leave to proceed *in forma pauperis.* A request for forms will not extend the time for filing an appeal and will not be treated as a motion to extend the time to appeal.